# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ADEBOLA OPEYEMI ADENIYI, #59025-037, *

Petitioner *

   v. * Civil Action No. ELH-18-1237

UNITED STATES OF AMERICA, *

Respondent *

## MEMORANDUM

This case concerns a "Motion For Return of Seized Property," filed by Adebola Opeyemi Adeniyi, the self-represented petitioner, pursuant to Fed. R. Crim. P. 41(g). The government has moved for summary judgment, supported by a memorandum (ECF 10-1) (collectively, the "Motion") and exhibits. Adeniyi has responded. ECF 12.

The Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For reasons noted herein, the government's Motion shall be GRANTED.

### I. Background

Pursuant to a Plea Agreement, Adeniyi pleaded guilty in Criminal Case JFM-15-0421 to wire fraud conspiracy, in violation of 18 U.S.C. §§ 1343 and 1349, and was sentenced to a term of 42 months' imprisonment and a three-year term of supervised release. ECF 137; ECF 216, *United States v. Adeniyi,* No. 15-0421 (D. Md.) (the "Criminal Case"). On March 31, 2017, the date of Adeniyi's sentencing, he signed a Consent Order of Forfeiture ("Consent Order"), by which he agreed to forfeit certain property to the United States, including various electronic devices. *Id.,* ECF 203. The Consent Order was signed by the Honorable J. Frederick Motz that same date, and the forfeiture was reflected in the final Judgment. *Id.,* ECF 216 at 6.

Adeniyi then filed a notice of appeal in the U.S. Court of Appeals for the Fourth Circuit, challenging application of a U.S. Sentencing Guidelines enhancement made at his sentencing and the reasonableness of his sentence. *Id.,* ECF 218. The Fourth Circuit dismissed the appeal on September 22, 2017, based upon the appellate waiver provisions in Adeniyi's plea agreement.

On November 21, 2017, Adeniyi filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (the "§ 2255 Motion"), arguing ineffective assistance of counsel, to which the government responded. *See Adeniyi v. United States,* Civil Action No. ELH-17-3459 (D. Md.), *also docketed in the Criminal Case, at* ELH-15-0421, ECF 251. On the same date, the case was reassigned to me. *See* Docket. I denied the § 2255 Motion on September 12, 2018. Criminal Case, ECF 269; ECF 270. The appeal period has not yet expired.

In the interim, on April 27, 2018, Adeniyi filed his Motion for Return of Seized Property under Fed. R. Crim. P. 41(g), requesting the return of particular items of property that were seized in the Criminal Case, including (1) a Western Digital external hard drive;[1] (2) an Apple Macbook Pro computer; (3) five SIM cards; (4) an Apple iPhone 6 cellular telephone; (5) a

---

[1] Adeniyi lists the external hard drive as having serial number WX71ACYHEDS. (Civil Action 18-1237, Rule 41(g) Motion, ECF 1 at 3). The serial number for the device listed in the Consent Order of Forfeiture is WX71AC**4H4ED**5. JFM-15-0421, ECF 203 at ¶ 6. The Rule 41(g) Motion lists the serial number for the Samsung cell phone as F78N9EE60GSM (Civil Action No. 18-1237, Rule 41(g) Motion, ECF 1 at 3). The Consent Order does not use the serial number to identify this item, but references its IMEI number, 359717060161342. JFM-15-0421, ECF 203, ¶ 7. The government's assertion that the serial number for the Samsung cell phone is F78N9EE60G**5**M (ELH-18-1237, ECF 10-1 n. 2) is unopposed.

The government also notes an error in the serial number listed in the Consent Order of Forfeiture for the Apple iPhone 6, listed as item (d). JFM-15-0421, ECF 203, ¶ 8. The Consent Order identifies the forfeited Apple iPhone 6 cell phone by IMEI number 354410061699644 and serial number F78N9EE6G5MH. The correct serial number for the Apple iPhone 6 is R58G3224KWP, Exh. 4 at ¶ 8, the same serial number listed in the Rule 41(g) Motion. Notably, the IMEI number listed for the item is correct and sufficient to identify the specific forfeited Apple iPhone 6 cell phone.

Pursuant to Fed. R. Crim. P. 36, the Court may "at any time" correct the clerical error in the serial number listed in the forfeiture order. It does so here.

Samsung Galaxy S6 Edge cellular telephone; and (6) "[a]ll personal papers seized including all correspondence." ECF No. 1 at 3, *Adeniyi v. United States,* Civil Action No. ELH-18-1237 (D. Md.)).

The government moves for summary judgment. ECF 10. It argues that (1) the property is properly held as evidence pending final disposition of the Motion to Vacate; and (2) by signing the Consent Order of Forfeiture, which is part of Adeniyi's sentence and not subject to collateral attack under Fed. R. Crim. P. 41(g), Adeniyi specifically forfeited any right to the Western Digital external hard drive, the five SIM cards, the Apple iPhone 6 cellular telephone, and the Samsung Galaxy S6 Edge cellular telephone. The government also contends that (3) the Apple Macbook laptop computer sought by Adeniyi contains evidence of a bank account and wire transactions used by Adeniyi to dispose of fraud proceeds used to purchase vehicles at auctions in Maryland and to arrange for their shipment to Nigeria; and (4) the papers seized at Adeniyi's residence include identification documents, credit cards, bank documents, checks and W-2 Forms in the names of other persons, and money order receipts which constitute evidence of Adeniyi's role in identity fraud and collection of fraud proceeds and belong to those other persons, not Adeniyi. ECF 10 at 4-8.

In response to the government's motion (ECF 12), Adeniyi agrees that four of the items listed in the Consent Order of Forfeiture cannot be returned to him. But, he maintains that the Apple MacBook Pro serial number Co2P9MVFVHS and all personal letters, including unspecified correspondence, should be returned. He also contends that as his Motion to Vacate solely implicates counsel's assistance at sentencing, there are "no evidentiary concerns for a purpose of resentencing" to hinder a return of the property. *Id.* at 1. And, he asserts that the better practice would be to stay the motion for return of property pending final disposition of the

Motion to Vacate, rather than dismissing the instant action subject to future refiling. ECF 12 at 1-2.[2]

## II. Standard of Review

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The Motion "may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1060-61 (9th Cir. 1991).

## III. Discussion

A Motion for Return of Property may be construed under 18 U.S.C. § 983(e) if the subject property was forfeited under 18 U.S.C. § 981 and negotiated as part of a plea agreement.

The Consent Order of Forfeiture in the criminal case (ECF 203) was signed by defendant and his attorney. *Id.* at 4. It specified that Adeniyi pleaded guilty to one count of a two-count indictment, which charged him with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. *Id.* at 1. Further, it specified that, "pursuant to the plea agreement and as a consequence of the defendant's plea of guilty," the following property would be forfeited, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 1956(c)(7), 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Fed. R. Crim. Pro. 32.2(b)(1), as property derived from, involved in, used to commit, or used to facilitate the commission of his offenses:

   a) $2,420 in United States currency;
   b) 2012 Mercedes Benz CLS 550, VIN #WDDLJ7DB9CA011758;
   c) Apple iPod Touch 5G (Al421), Serial #CCQN3DNIF4JW;
   d) Apple iPhone 6 (A1549), Serial #F78N9EE6G5MH, IMEI

---

[2] Adeniyi's speculation that the basis for the government's Motion is based on retaliatory animus towards him, and was undertaken solely to "force him to withdraw" his Motion to Vacate (ECF 12 at 2), is not factually supported and will not be addressed here.

     #354410061699644;
  e) Samsung GSM SM-G925T Galaxy S6 Edge, IMEI #359717060161342;
  f) Western Digital Hard Drive, Serial #WX71Al4H4ED5;
  g) Apple iPhone, IMEI #355876064390564;
  h) Apple iPhone, Model A1387, FCC BCG-E2430A; and
  (i) Five (5) SIM Cards

*Id.* at 1-2.

  As noted, Adeniyi does not contest the forfeiture of: the $2,420 in United States currency; item; the Apple iPod Touch 5G (A1241), Serial #CCQN3DNIF4JW; the Apple iPhone 6 (A1549), Serial #F78N9EE6G5MH, IMEI #354410061699644; or the Samsung GSM SM-G925T Galaxy S6 Edge, IMEI #35971706061342. Adeniyi is bound by his Consent Order of Forfeiture and plea agreement, and cannot contest the remaining five items, including the 2012 Mercedes Benz CLS 550, VIN #WDDLJ7DB9CA011758; the Western Digital Hard Drive, Serial #WXS71A14H4ED5; the Apple iPhone, IMEI #355876064390564; the Apple iPhone, Model A1387, FCC BCG-E2430A; and five SIM cards.

  Article III of the Constitution limits judicial power to "actual, ongoing cases or controversies," *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted), and a case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). To the extent that Adeniyi previously agreed to forfeit the items he now seeks, he has no legally cognizable interest in the disposition of those items.

  What remains unresolved is whether Adeniyi is entitled to the return of an Apple MacBook laptop computer and any of the unidentified items of "personal papers" and correspondence seized in connection with his prosecution, none of which is identified in the Consent Order of Forfeiture. The Affidavit of Department of Homeland Security Special Agent

5

Sara Tyler (ECF 10-5), who spent two years investigating Adeniyi and other members of a criminal organization believed to be engaged in identity theft and federal fraud offenses, avers that the Apple MacBook Computer Serial Number C02P9MVDFVH5 seized from Adeniyi on July 21, 2015 contained information relating to a bank account and wire transactions used by Adeniyi to effect transactions and shipments of motor vehicles to Nigeria. Other items seized from Adeniyi's residence on July 21, 2015, included identification documents, credit cards, bank documents, checks, money order receipts and W-2 forms in the names of other persons. *Id.* ¶¶ 1-5. Adeniyi does not contest the averments in the Affidavit, and provides no argument as to why these items and instrumentalities used to perpetuate his crimes should be returned to him.

Accordingly, a separate Order shall be entered denying Adeniyi's Motion for Return of Property, granting the government's Motion for Summary Judgment, and closing this case.

Date: September 28, 2018     /s/
                             Ellen L. Hollander
                             United States District Judge